FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

**Dec 23, 2024**

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>MIA ANGELA LUBBEN,<br><br>    Defendant. | Nos. 2:24-CR-00101-RLP-1<br><br>ORDER MODIFYING ORDER TEMPORARILY RELEASING DEFENDANT TO INPATIENT SUBSTANCE ABUSE TREATMENT<br><br>**MOTION GRANTED**<br>**(ECF NO. 40)** |

On December 18, 2024, the Court held a detention review hearing to consider MIA ANGENAL LUBBEN's Motion to Modify Conditions of Release. **ECF No. 40**. Defendant appeared out of custody represented by Assistant Federal Defender Nathan Poston. Assistant U.S. Attorney Devin Curda represented the United States. U.S. Probation Officer Erik Carlson was also present.

Specifically, Defendant sought modification of Release Condition No. 1 of the Court's Order Granting Defendant's Unopposed Motion to Transfer to Sober Living, ECF No. 33, requiring Defendant to reside at an Oxford House to instead allow Defendant to reside with her husband and son at her residence. The United States opposed Defendant's release plan. U.S. Probation did not object to Defendant's release plan.

The Court reviewed and considered Defendant's Motion to Modify Conditions of Release, **ECF No. 40**; the case file; and the proffers and arguments

ORDER - 1

of counsel. Pursuant to 18 U.S.C. § 3142, the Court also considered: 1) the nature and circumstances of the offense charged; 2) the weight of the evidence against Defendant; 3) Defendant's history and characteristics, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct and history relating to alcohol and drug abuse, and also criminal history, record concerning appearance at court proceedings, and whether Defendant was under supervision at the time of the alleged offense; and, 4) the nature and seriousness of the danger to the community posed by Defendant's release. *See* 18 U.S.C. § 3142(g). Finally, the Court also considered that a rebuttable presumption[1] of detention applies in this case pursuant to 18 U.S.C. § 3142(e)(3)(A) as this case involves offenses under the Controlled Substances Act for which the maximum penalty is ten years or more in prison. ECF No. 3. The United States previously invoked the presumption of detention. ECF No. 8 at 3.

For the reasons stated during the hearing and in this Order, the Court finds that: 1) Defendant's release plan and the release conditions imposed by the Court are sufficient to overcome the presumption of detention in this case; and 2) the

---

[1] Although the presumption of detention shifts the burden of production to Defendant, the ultimate burden of persuasion on Defendant's flight risk and danger to the community remains with the Government. *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). When a defendant presents evidence to rebut the presumption arising under 18 U.S.C. § 3142(e)(3), the presumption itself still mitigates against the defendant's release, and is "to be weighed along with other evidence relevant to factors listed in § 3142(g)." *Id*. (quoting *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986)).

ORDER - 2

release conditions imposed in this Order are both a sufficient combination of conditions that will reasonably assure Defendant's appearance at future proceedings and a sufficient combination of conditions that will reasonably assure the safety of other persons and the community if Defendant is permitted to reside at her residence.

Accordingly, the Court finding good cause, **IT IS ORDERED:**

1. Defendant's Motion, **ECF No. 40** is **GRANTED**. Release Condition No. 1 in the Order Granting Transfer to Sober Living, ECF 33, is **STRICKEN. Defendant shall reside at her residence as approved by Pretrial Services and may not change residences without prior approval from Pretrial Services.**

2. **All other conditions of pretrial release imposed in the Court's Orders at ECF No. 27 and ECF No. 33 shall remain in full force and effect.**

3. If a party seeks reconsideration of Defendant's detention before this Court because of material and newly discovered circumstances, any such motion shall be a maximum of four-pages in length and shall succinctly state what circumstances are new, how they are established, and the requested change in conditions of release. The motion shall indicate whether opposing counsel; United States Probation/Pretrial Services; or another party with a substantial interest in the motion objects, whether a hearing is desired, and whether a supplemental pretrial services report is requested. If the moving party, after the exercise of due diligence, is unable to determine the position of any party listed above, the moving party may in the alternative document the date; time; and manner of each effort made to determine that party's position and request the Court treat the motion as expedited and submitted without argument. **Motions in Spokane cases shall be heard as set by the Spokane Magistrate Judge Courtroom Deputy. Yakima cases shall be heard on the following Wednesday docket**, and Richland cases

ORDER - 3

**shall be heard on the following Thursday docket.** If the Court determines that oral argument is unnecessary on the motion, the motion shall be set for decision on the Court's 6:30 p.m. docket.

4. If a party desires that another court review this Order pursuant to 18 U.S.C. § 3145, that party shall promptly file a motion for review before the district judge to whom the case is assigned, as further described in the Detention Order Review Protocol published for the Eastern District of Washington. Both parties shall cooperate to ensure that the motion is promptly determined.

5. If necessary, the United States Probation/Pretrial Services Office is authorized to prepare a post-bail report and shall notify defense counsel prior to interviewing Defendant. If Defendant does not wish to be interviewed, that Office shall prepare said report using any information it deems relevant to the issue of detention.

**IT IS SO ORDERED.**

DATED December 23, 2024.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 4